

June 28, 2013

Honorable Joseph Spero
Philip Burton Federal Building &
United States Courthouse
450 Golden Gate Ave.
San Francisco, CA 94102

   Re: *In Re JPMorgan Chase LPI Hazard Litigation*
     Docket No. 3:11-cv-3058 (N.D. Cal.)

Dear Judge Spero:

  As you know, we are appointed Interim Co-Class Counsel in the above-referenced case which now comprises 14 plaintiffs from 5 states asserting claims on behalf of a nationwide class as well as certain state subclasses. During the last case management conference on June 14, 2013, Your Honor suggested that the parties explore continuing our extensive resolution efforts to date (particularly in light of Your Honor's ruling, subsequently issued, on the filed rate doctrine defense in *Leghorn v. Wells Fargo*) and counsel for the parties thereafter discussed returning to mediation before David Geronemus of JAMS, who presided over the extensive/intensive mediation and data and information sharing efforts by the parties to this litigation last year.

  It has now come to our attention that Defendants to this action apparently are trying to circumvent the involvement of duly appointed Interim Co-Class Counsel and instead are seeking to negotiate settlement of these claims with attorneys in Florida and Arkansas who filed a copy-cat case against JPMorgan Chase well after we first filed suit in *McNeary v. JPMorgan Chase*, 11-cv-03058, which is now consolidated within the *In re JPMorgan Chase* litigation. Both the JPMorgan and Assurant defendants have refused to provide any substantive answer to Interim Co-Class Counsel's repeated requests to confirm or deny this "end around" tactic.

  As Interim Co-Class Counsel, charged with responsibility for "conducting settlement negotiations" (*McNeary*, ECF 16 *3) we believe it is highly inappropriate for defendants to exclude us from any settlement discussions which concern the classes in this litigation. *See, e.g., Lyons v. Coxcom, Inc.*, 2009 WL 6607949 (S.D. Cal. 2009) ("**designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as … negotiating settlement**."), *citing* Manual for Complex Litigation, Fourth, §21.11 at 246; *In re Ivan F. Boesky Securities Litigation*, 948 F.2d 1358 (2d Cir. 1991) ("**We approve of the appointment of lead counsel for purposes of exploring and negotiating settlements in complex matters**" which "**eliminates opportunities for divisive settlement shopping and promotes fair and comprehensive resolutions**").


280 King of Prussia Road, Radnor, Pennsylvania 19087 T. 610-667-7706 F. 610-667-7056 info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104 T. 415-400-3000 F. 415-400-3001 info@ktmc.com
WWW.KTMC.COM



Honorable Joseph Spero
June 28, 2013
Page Two

      Defendants' attempt to negotiate behind our backs is in bad faith and is detrimental to the best interests of Plaintiffs and the members of the classes who will not be adequately protected by the other attorneys with whom the Defendants are dealing. Most notably, the character and performance of this other group of attorneys was the subject of a recent scathing opinion issued by Judge Alsup on June 21, 2013 in *Lane v. Wells Fargo*, 12-cv-04026. *Lane* also involves force-placed insurance. Judge Alsup certified a California class but denied certification of a nationwide class and found that three of the firms in that particular group of attorneys made multiple significant "**misrepresentations to the Court**" in their pleadings, "**failed to diligently pursue discovery**" to obtain documents necessary for certification of certain claims, had overall "**lackluster performance in discovery**," engaged in conduct "**unworthy of Rule 23 practice**" and "in light of the serious questions raised concerning their adequacy" to serve as class counsel took the unusual step of ruling that "it will be in the interests of the class to invite other counsel to apply to represent the class." (*Lane*, ECF No. 157)

      Allowing Defendants to bypass Court appointed counsel in order to deal with more "pliable" counsel elsewhere violates the Court's appointment Order in this matter and would eviscerate the whole purpose behind interim class counsel appointment under Fed. R. Civ. P. 23(g). Further, the counsel at issue in the duplicative Florida JPMorgan hazard case were the authors of the failed FPI industry-wide MDL last year. Those attorneys in Florida were invited to participate in the global JPMorgan mediation organized by Interim Co-Class Counsel last year, but they failed to perform the significant mediation related tasks assigned to them.

      In light of the above, and the fact that the other group of attorneys have just *a single plaintiff* with hazard claims in their Florida case and a *single plaintiff* with hazard claims in a New York case, with little or no discovery being conducted, they should not be negotiating the claims of the putative class members whom we represent. Defendants' decision to exclude Interim Co-Class Counsel from negotiations affecting our clients and classes is a transparent attempt to strike a quick, "sweetheart" bargain with inadequate counsel to the detriment of the classes. We respectfully request a teleconference before Your Honor to discuss this matter further and to require defendants to unequivocally declare whether they indeed have begun such negotiations and, if so, where, when and exactly with whom they are intending to negotiate so that we can take whatever steps are appropriate to protect the rights and interests of Plaintiffs and the classes.

                                                        Respectfully,

                                                         */s/ Peter A. Muhic*

cc: All Counsel of Record

Dated: 7/3/13

[STAMP: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — DENIED — Judge Joseph C. Spero]