ARNOLD & PORTER LLP
PETER OBSTLER (No. 171623)
peter.obstler@aporter.com
JEE YOUNG YOU (No. 241658)
jeeyoung.you@aporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    415.471.3100
Facsimile:     415.471.3400

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.; CHASE BANK USA,
N.A.; BANC ONE INSURANCE COMPANY; and
CHASE INSURANCE AGENCY

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re JPMorgan Chase LPI Hazard Litigation | Civil Action No. CV-11-03058-JCS<br><br>**NOTICE OF MOTION AND MOTION TO STAY PENDING SETTLEMENT PROCEEDINGS IN RELATED ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   July 26, 2013<br>Time:  1:30 p.m.<br>Place:  Courtroom G, 15th Floor<br>Judge:  Hon. Joseph C. Spero |

1

2
## NOTICE OF MOTION AND MOTION

3
**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

4
    **PLEASE TAKE NOTICE** that, on Friday July 26, 2013 at 1:30 p.m., or as soon thereafter

5
as the matter may be heard before the Honorable Joseph C. Spero, United States Magistrate Judge,

6
in Courtroom G, 15th Floor, of the United States District Court for the Northern District of

7
California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants

8
JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., Banc One Insurance Company, and Chase

9
Insurance Agency (collectively "Chase") and Assurant, Inc., American Security Insurance Company,

10
and Standard Guaranty Insurance Company (collectively "Assurant") (together with Chase,

11
"Defendants") will and hereby do move for an order staying all further proceedings and vacating all

12
motion and discovery response deadlines pending  in the above-captioned case ("*McNeary-Calloway*")

13
pending final approval of the settlement in principal reached on Friday, July 12, 2013 in *Herrick v.*

14
*JPMorgan Chase Bank, N.A*., et al., 13-21107-civ-Moreno (S.D. Fl.) ("*Herrick*"), a nationwide class

15
action involving the same claims and putative class members as that of *McNeary-Calloway*  (the

16
"Motion for Stay").

17
    Defendants bring their Motion for Stay on the ground that Defendants and the plaintiffs in

18
*Herrick* reached a settlement in principal on behalf of the nationwide class of borrowers who have

19
asserted claims challenging Chase's Hazard LPI practices that subsume the same claims and overlap

20
with the same putative class members alleged in *McNeary-Calloway*.  If the *Herrick* settlement is

21
approved by the court, that settlement will finally and forever resolve and release all of the class claims

22
in *McNeary-Calloway*.  Accordingly, to allow the settlement approval process to proceed and advance

23
as efficiently and smoothly as possible and to avoid the waste of judicial and party resources, the Court

24
should enter an order staying all proceedings in *McNeary-Calloway* until the settlement approval

25
proceedings have run their course in *Herrick*.

26
    Defendants' Motion for Stay is based on this Notice of Motion and Motion, the accompanying

27
Memorandum of Points and Authorities, the Declaration of Jee Young You filed in support thereof,

28

1   Declaration of Denise A. Fee filed in support thereof, Defendants' Notice of Motion and Motion to

2   Shorten Time filed and supporting papers filed concurrently with this Motion for Stay, the pleadings,

3   orders, and other papers on file in this action and related actions, including all papers filed with the

4   Judicial Panel on Multi-District Litigation ("JPMDL"), and on such other evidence and argument as

5   may be presented to the Court on reply and/or at the time of hearing.

6   ## MEMORANDUM OF POINTS AND AUTHORITIES

7   Defendants respectfully submit this Memorandum of Points and Authorities in support of their

8   Motion for Stay.

9   ## PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

10  On July 12, 2013, the parties in *Herrick* reached a settlement in principal that, upon final

11  court approval, will resolve once and for all the class action claims pending before this Court in

12  *McNeary-Calloway*. As is the practice of this and other federal courts, when a class action

13  settlement is pending approval in another court that will resolve the class action claims pending

14  before this Court, the Court may enter an order staying all proceedings to facilitate and help

15  advance the settlement approval process in the other court and avoid the unnecessary waste of party

16  or judicial resources. *See*, *e.g.*, *Jaffe v. Morgan Stanley DW, Inc.*, No. C06-3903 TEH, 2007 WL

17  163196, at *2 (N.D. Cal. Jan. 19, 2007) (granting two month stay to allow "advanced" settlement

18  negotiations to play out in parallel class action).

19  *McNeary-Calloway* is one of three parallel nationwide class action lawsuits pending

20  against Defendants JPMorgan Chase N.A., Chase Bank USA, N.A., and related entities in

21  connection with the practice of placing hazard insurance on properties owned or serviced by Chase

22  where coverage lapsed (collectively the "LPI Hazard Class Actions"). The other LPI Hazard Class

23  Action is *Isom v. JPMorgan Chase, N.A.,* No. 1:12-cv-05431 (S.D.N.Y.). If the *Herrick* settlement

24  is approved, it will resolve all claims both here and in *Isom*. *See* Declaration of Jee Young You ISO

25  Motion To Stay And Motion To Shorten Time ("You Decl.") Ex. A, *Herrick*, Joint Motion for Stay

26  of All Hazard Lender-Placed insurance Claims Pending Approval of Settlement Proceedings and

27  Notice of Class-Wide Settlement, Docket No. 50 (hereinafter, "Joint Motion for Stay").

28

1         To expedite, facilitate, and advance the settlement approval process in *Herrick,* the

2 parties to that action jointly moved to stay all non-settlement proceedings. *Id.* Similarly, the

3 plaintiffs in *Isom* have agreed to stay proceedings in that case pending settlement approval in

4 *Herrick*.[1]  You Decl. ¶9.  This Court should follow suit and enter an order for a stay of proceedings

5 in *McNeary-Calloway* pending final approval of settlement in *Herrick*.

6        ***First***, *Herrick* contains the same "common questions of fact and law" as those at issue in

7 *McNeary-Calloway* and *Isom* and the parties and issues are effectively the same in *Herrick* and

8 *McNeary-Calloway*.  According to Plaintiffs in this case, both class actions "involve allegations

9 arising out of the same conduct, and have overlapping classes," such that "centralizing these

10 actions…will promote the just and efficient conduct of the actions…."  You Decl. Ex. C, *In re:*

11 *JPMorgan Chase LPI Hazard Litigation*, No. 2465, Plaintiffs' Mem. of Law ISO Mot. to Transfer

12 for Coordinated or Consolidated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407 and 28 U.S.C.

13 § 1407(a), Docket No. 1-1 at 2, 5 (JPMDL) ("Motion to Transfer").  As a result of that overlap,

14 approval of a final settlement in *Herrick* will resolve all outstanding claims in all of the other

15 Hazard LPI Class Actions, including *McNeary-Calloway*.[2]  *Id.*  A stay will allow the parties to focus

16 their resources and efforts on obtaining consideration and approval of the proposed settlement

17 pending in *Herrick*. *See Packer v. Power Balance, LLC*, No. 11-802 (WJM), 2011 WL 1099001, at

18 *2 (D. N.J. Mar. 22, 2011) (granting stay where comprehensive national settlement reached in

19 competing class action pending in federal court and case also subject to possible transfer to an

20 MDL).

21        ***Second***, other factors, including potential benefits to the parties and the Court would be

22 furthered by a stay.  If the *Herrick* settlement is approved, the claims in *McNeary-Calloway* will be

23 resolved forever without the concomitant need of the Court or the parties to waste substantial

24 resources on the voluminous motion practice and discovery looming in this case.  And, to the extent

25

26 [1] In addition, *Isom* is effectively stayed at this time until the court there decides the pending motion to dismiss.  You Decl. ¶9.  Regardless, the parties to *Isom* have agreed to jointly request a blanket stay in light of the *Herrick* settlement. *Id.*

27 [2] The exception, of course, would be the claims of any individual plaintiffs or putative settlement

28 class members who decide to opt out of the *Herrick*  settlement.

MOTION TO STAY PROCEEDINGS       CV-11-03058-JCS

1   that the *McNeary-Calloway* Plaintiffs want to pursue the concerns they raised earlier with this Court

2   about the potential fairness of the proposed settlement in *Herrick*, they, like all other members of

3   the putative class in *Herrick*, will be afforded a full and fair opportunity to vet and raise their

4   concerns during the approval process in *Herrick*.  And by staying the proceedings here, the Court

5   can ensure that any potential disputes over fairness between competing Plaintiffs in the respective

6   LPI Hazard Class Actions will not spill over into these proceedings so as to require this Court

7   adjudicate issues that could potentially interfere with a settlement approval proceeding that is

8   pending in a different court.  Of course, if the settlement is not approved for any reason, the

9   *McNeary-Calloway* Plaintiffs (and the *Isom* Plaintiffs) can then move this Court to lift the stay at

10  the appropriate time and resume their prosecution of that action.   Accordingly, Defendants

11  respectfully request that this Court help facilitate and advance the possibility of final resolution to

12  all the LPI Hazard Class Actions, including *McNeary-Calloway*, by entering a stay of all

13  proceedings in this lawsuit until the settlement approval proceedings in *Herrick* conclude.

14                                              **BACKGROUND**

15        On Friday, July 12, 2013, a Notice of Settlement in *Herrick* was filed with the MDL Panel.

16  You Decl. Ex. E.  At the same time, the parties in *Herrick*, including Chase, filed a Joint Motion for

17  Stay proceedings in *Herrick* subject to the following schedule:

18              1.  Settlement agreement shall be executed by Friday, August 23, 2013;

19              2.  Joint Status Report shall be filed on Monday, August 26, 2013;

20              3.  Motion for Preliminary Approval of the Settlement Agreement shall be filed by

21                  Friday, September 6, 2013;

22              4.  If the Motion for Preliminary Approval is Granted, the Court shall set a date and

23                  time for Final Approval Hearing.

24  You Decl. Ex. A, Joint Motion to Stay, at 3-4.

25        As this Court heard from the parties at the case management conference conducted on June

26  14, 2013 in *McNeary-Calloway*, discovery and briefing deadlines are looming in this case.

27  Specifically, Plaintiffs served voluminous discovery the day prior to the conference.   And,

28  Defendants' replies in support of their motions to dismiss are also due on July 26, 2013.  Although

- 4 -

MOTION TO STAY PROCEEDINGS              CV-11-03058-JCS

1    Defendants have obtained extensions to respond to discovery, deadlines to produce documents,

2    written responses, and to prepare and present witnesses begins to run on July 26, 2013.  You Decl.

3    ¶10; Declaration of Denise A. Fee In Support Of Defendants' Motions To Stay Pending Settlement

4    Proceedings In Related Action And To Shorten Time For Hearing ("Fee Decl.") ¶5.  Both the

5    motion practice and the discovery proceedings will require the parties and the Court to expend

6    substantial resources that are and will be entirely unnecessary if the settlement is approved in

7    *Herrick*.  Instead, the parties and this Court are better served conserving and expending their

8    resources to focus on and facilitate the settlement approval process in *Herrick*.

9    Because of the looming motion and discovery deadlines that are fast approaching,

10   Defendants have also filed a Motion to Shorten Time concurrently with their Motion for Stay.

11   Defendants filed the Motion to Shorten Time so that the Court can consider the appropriateness of a

12   stay before the parties are forced to expend and waste substantial resources complying with the

13   motion practice deadlines and discovery response dates.  To that end, Defendants met and conferred

14   with Plaintiffs in an attempt to reach an agreement on the stay and a briefing schedule on the motion

15   to shorten time in compliance with the local rules on Monday, July 15, 2013.  You Decl. ¶8.  The

16   parties could not reach an agreement to stay this case pending the *Herrick* settlement proceedings,

17   or a briefing schedule on the motion to shorten time or the Motion for Stay.  *Id.*

18   **ARGUMENT**

19   **I.    A STAY OF THIS CASE IS IN THE INTERESTS OF JUSTICE AND WILL NOT PREJUDICE PLAINTIFFS**

20

21   This Court has the full authority to order a stay of all proceedings in *McNeary-Calloway*

22   pending the outcome of the *Herrick* settlement proceedings.  "[A] trial court may, with propriety,

23   find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action

24   before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean*

25   *Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983); *see also Landis v. N.*

26   *American Co.*, 299 U.S. 248, 254-55 (1936) (noting that the decision to grant a stay is an "exercise

27   of judgment" that requires a court to "weigh competing interests and maintain an even balance").

28   Indeed, "[c]ourts have also stayed civil actions pending consideration of nationwide class action

- 5 -

1  settlement" in other federal courts. *Packer*, 2011 WL 1099001, at *1; *Jaffe v. Morgan Stanley DW,*

2  *Inc.*, No. C06-3903 TEH, 2007 WL 163196, at *2 (N.D. Cal. Jan. 19, 2007) (granting two month

3  stay to allow "advanced" settlement negotiations to play out in parallel class action).  Such a stay is

4  particularly appropriate where, as here, a comprehensive national settlement was reached in another

5  class action pending in federal court, even where the action is subject to possible transfer pursuant

6  to an MDL petition. *See*, *e.g.*, *Packer*, 2011 WL 1099001. at *2.  In determining whether to enter

7  such a stay, the Court looks to a number of factors, including the hardship to the moving party

8  should the case proceed; the potential prejudice to the non-moving party; and whether the actions

9  involve the same or similar parties; the similarity of issues; and judicial economy." *See id.*  Based

10  on those and other factors a stay is warranted in *McNeary-Calloway*.

11  As a preliminary matter, the parties and issues are the same in *Herrick* and *McNeary-*

12  *Calloway.*  Indeed, the *McNeary-Calloway* Plaintiffs have filed a petition with The JPMDL to

13  consolidate all three of the pending Hazard LPI class actions, including *Herrick*, because "they are

14  substantially identical, are being pursued against the same defendants, and challenge the same

15  conduct."  You Decl. Ex. B at 1; Ex. D at 2 (listing present case and *Herrick* on schedule of cases

16  to be consolidated).  Specifically, the *McNeary-Calloway* Plaintiffs assert that the *Herrick*, *Isom*,

17  and *McNeary-Calloway* class action lawsuits "involve allegations arising out of the same conduct,

18  and have overlapping classes [thus] centralizing these actions…will promote the just and efficient

19  conduct of the actions…." *Id.* Ex. B at 5.  There can be no dispute here that the settlement of the

20  *Herrick* action would resolve all claims pending before this Court.

21  In addition, the interests of the parties and judicial efficiency weigh heavily in favor of a

22  stay.  If this case proceeds, Defendants, the Court and the other parties to this action will "be

23  compelled to unnecessarily litigate claims in different fora, [and] become subject to competing

24  court orders." *Packer*, 2011 WL 1099001, at *2.  And, absent a stay, the parties and the Court will

25  have no choice but to expend the considerable resources necessary to proceed with pending and

26  future motions as well as voluminous discovery. *See Annunziato v. eMachines Inc.*, No SACV 05-

27  610-JVS (MLGx), 2006 WL 5014567, at *5 (C.D. Cal. July 24, 2006) (granting motion to stay class

28

- 6 -

MOTION TO STAY PROCEEDINGS          CV-11-03058-JCS

1    action where parallel state court case had settled because stay would save defendants from

2    "hundreds of hours spent on discovery and briefing").

3        Specifically, Defendants currently have a number of motion and discovery deadlines that are

4    fast approaching, including their replies in support of lengthy and complex papers filed in

5    connection with a multi-issue, multi-state law motions to dismiss. Plaintiffs have served and are

6    pressing for responses to document requests, interrogatories, and Rule 30(b)(6) deposition notices

7    (both substantive and ESI-related) on each of the Defendants on June 13. You Decl. ¶8; Fee Decl.

8    ¶5. Chase has already begun a rolling production of documents, and pursuant to agreements with

9    opposing counsel, the written responses and objections are currently due July 26, the written

10   responses to the interrogatories are due August 14, and depositions are anticipated to begin as early

11   as the first week of August. *Id.* Furthermore, Defendants' replies in support of their motions to

12   dismiss are currently due on July 26, 2013. (Docket No. 136.) Defendants will have to respond to

13   the voluminous discovery requests as well as prepare for and sit for multiple depositions, and

14   prepare a reply brief to a dispositive motion, all of which will be unnecessary and meaningless in

15   the event that the district court approves the *Herrick* settlement disposing of all LPI Hazard claims

16   against Defendants in this action and all other related actions. *See Annunziato*, 2006 WL 5014567,

17   at *5.

18       A stay will also conserve judicial resources. The hearing on Defendants' motions to dismiss

19   the consolidated complaint is set for August 23, 2013. This motion involves complex legal issues

20   such as preemption and the filed-rate doctrine, and covers eleven causes of action (including state

21   law claims from four different states). Just this week Plaintiffs filed 44-page opposition brief to

22   Chase's motion to dismiss, and over 90 pages of opposition to the Assurant motions. Preparing for

23   this hearing and drafting a decision will no doubt require considerable time from this Court. The

24   resolution of these issues is unnecessary at this time and should be deferred until later. *Advanced*

25   *Internal Techs, Inc. v. Google, Inc.*, No. C-05-02579 RMW, 2006 WL 889477, at *1-2 (N.D. Cal.

26   Apr. 5, 2006) (granting motion to stay in part because judicial resources would not be "wasted" by

27   having to consider pending motion for class certification). In addition, the continued litigation of

28   and any ruling by this Court on those issues could jeopardize the compromise reached on those

1    issues under the *Herrick* settlement and interfere with the approval process. *Packer*, 2011 WL

2    1099001, at \*2 (noting stay would prevent "competing court orders").

3          In addition, Plaintiffs will suffer no prejudice from a stay and cease fire in *McNeary-*

4    *Calloway*. Rather, allowing the parties, including the *McNeary-Calloway* Plaintiffs, to focus on

5    settlement fairness, is in everyone's best interests at this time. If the *Herrick* settlement is not

6    approved or falls apart for any reason, Plaintiffs can move to lift the stay and resume prosecution of

7    this action against Defendants. And, to the extent Plaintiffs believe the *Herrick* settlement is unfair

8    to the putative class or is otherwise inappropriate, Plaintiffs can focus their resources on contesting

9    fairness and raising objections to the settlement terms during the settlement approval proceedings

10   conducted by the *Herrick* Court in the Southern District of Florida. *See Nesbit v. Fornaro*, No. 11-

11   cv-00092-PMP-GWF, 2011 WL 1869917, at \*3 (D. Nev. Mar. 31, 2011) (recommending district

12   court grant stay in favor of previously filed class action in which parties had reached proposed

13   settlement and stating that plaintiff in the stayed action should raise any objection to settlement in

14   the court overseeing the settlement); *Annunziato*,2006 WL 5014567, at \*5 n.5 (noting objection to

15   settlement properly raised before court overseeing settlement); *Advanced Internal Techs, Inc.*, 2006

16   WL 889477, at \*1-2 (same).

17         Finally, while Plaintiffs may view the *Herrick* settlement as a threat to their control over the

18   lender placed insurance litigation and their longstanding disputes with competing plaintiffs'

19   lawyers, the *McNeary-Calloway* Plaintiffs may not use that action to leverage their fight for control

20   over certification and settlement of putative class claims. To that end, at least one federal court has

21   remarked that, where, as here, "the real fight . . . is for control of a class action between two warring

22   plaintiffs' firms," a stay is entirely appropriate. *See, e.g.*, *Branca v. Iovate Health Sciences USA,*

23   *Inc.*, No. 12cv016860-LAB (WMC), 2013 WL 1344306, at \*1-2 (S.D. Cal. Apr. 2, 2013). The LPI

24   Hazard Class Actions are no exception. A stay will mitigate the well documented control disputes

25   that have plagued the LPI Hazard Class Actions in the past and ensure that the *McNeary-Calloway*

26   action is not used by any party to leverage additional control or obstruct good faith efforts to resolve

27   the claims of putative class members quickly, efficiently, and fairly.

28

**CONCLUSION**

The *Herrick* settlement makes it possible for Defendants and the putative class members to resolve, once and for all, the LPI Hazard Class Actions.  An order staying the *McNeary-Calloway* action and suspending the looming motion and discovery deadlines and schedule will serve the interests of all parties and the Court in furthering the important goal of bringing the LPI Hazard Class Actions to a quick and efficient resolution.  A stay will also ensure that the parties to those actions can vet and contest the fairness of any settlement before the district court in Florida and mitigate the risk that the *McNeary-Calloway* case will become a subterfuge for competing plaintiffs groups to attack each other.  Accordingly, Defendants respectfully request that the Court enter an order staying all proceedings and vacating all motion and discovery deadlines in *McNeary-Calloway* during the pendency of the *Herrick* settlement approval process.  To the extent that the Court believes that the initial stay order vacating upcoming deadlines should contain a definitive time period to allow the parties to update the Court on the status of the settlement approval proceedings in *Herrick* and to afford a party the opportunity to lift the stay for appropriate reasons, Defendants respectfully request that the Court enter a stay for 90 days subject to the parties' right to continue or lift the stay at the end of the initial 90-day period.


Dated: July 15, 2013                        Respectfully.

                                            ARNOLD & PORTER LLP
                                            PETER OBSTLER
                                            JEE YOUNG YOU


                                            By:  _____/s/ *Jee Young You*_____
                                                      Jee Young You
                                            Attorneys for Defendants JPMORGAN
                                            CHASE BANK, N.A.; CHASE BANK USA,
                                            N.A.; BANC ONE INSURANCE
                                            COMPANY; and CHASE INSURANCE
                                            AGENCY

MOTION TO STAY PROCEEDINGS              CV-11-03058-JCS

1

Dated:  July 15, 2013

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully.

SHEPPARD, MULLIN, RICHTER & HAMPTON
LLP
   A Limited Liability Partnership
   Including Professional Corporations
PETER S. HECKER (Bar No. 66159)
phecker@sheppardmullin.com
DAVID E. SNYDER (Bar No. 262001)
dsnyder@sheppardmullin.com
Four Embarcadero Center
Seventeenth Floor
San Francisco, CA  94111-4109
Telephone:  (415) 774-3155
Facsimile:  (415) 403-6224


By:_____/s/ *Peter S. Hecker*_____
                   Peter S. Hecker

Frank G. Burt (*pro hac vice*)
fgb@jordenusa.com
Denise A. Fee (*pro hac vice*)
daf@jordenusa.com
JORDEN BURT LLP
W. Glenn Merten (*pro hac vice*)
wgm@jordenusa.com
Brian P. Perryman (*pro hac vice*)
bpp@jordenusa.com
Jefferson Court, Suite 400 East
1025 Thomas Jefferson Street, N.W.
Washington, D.C. 20007-5208
Telephone: (202)965-8100
Facsimile: (202) 965-8104

Attorneys for Defendant ASSURANT, INC.,
AMERICAN SECURITY INSURANCE
COMPANY, and STANDARD GUARANTY
INSURANCE COMPANY

- 10 -

1

**ATTESTATION UNDER LOCAL RULE 5-1(i)(3)**

2

I, Jee Young You, am the ECF User whose ID and password are being used to file this

3

**Motion to Stay**  In compliance with Local Rule 5-1(i)(3), I hereby attest that Peter Hecker has

4

concurred in this filing.

5

6

_/s/ *Jee Young You*_
JEE YOUNG YOU

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28