IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JPMORGAN CHASE LPI HAZARD LITIGATION | Case No.: C-11-03058 JCS<br><br>**ORDER GRANTING IN PART MOTION TO STAY; STAYING PROCEEDINGS FOR 60 DAYS** |

## I.   INTRODUCTION

Defendants JPMorgan Chase Bank, N.A., Chase Bank USA, N.A, Banc One Insurance Company, Chase Insurance Agency, Assurant Inc., American Security Insurance Company, and Standard Guaranty Insurance Company (collectively, "Defendants") move for an order staying all further proceedings and vacating all motion and discovery response deadlines ("Motion") pending final approval of the settlement in principle reached on July 12, 2013 in *Herrick v. JPMorgan Chase Bank, N.A.*, 13-21107-civ-Moreno (S.D. Fla.) ("*Herrick*").[1] The fourteen individual Plaintiffs in this action oppose Defendants' Motion. For the reasons discussed below, the Motion is GRANTED IN PART and the proceedings are stayed for sixty days from the date of this Order.[2]

## II.   BACKGROUND

In this action, Plaintiffs, on behalf of a putative national class, challenge Chase's practice of purchasing force-placed hazard insurance from Assurant in connection with their residential mortgages. Consolidated Amended Class Action Complaint ("Complaint"), ¶ 2. To that end,

---

[1] JPMorgan Chase Bank, N.A., Chase Bank USA, N.A, Banc One Insurance Company, Chase Insurance Agency are collectively referred to as "Chase." Assurant Inc., American Security Insurance Company, and Standard Guaranty Insurance Company are collectively referred to as "Assurant."

[2] Plaintiffs note in their Opposition that there is a Motion to Transfer pending before the JPML and argue that the Court should consider, at most, a temporary stay pending resolution of that motion. Plaintiffs' Memorandum of Points and Authorities in Opposition to Motion to Stay, 2 n.3. The parties shall notify the Court of any decision regarding the pending Motion to Transfer.

Plaintiffs allege seven causes of action on behalf of themselves and a putative nationwide class: (1) breach of contract premised on the implied covenant of good faith and fair dealing, against Chase; (2) breach of contract premised on the express contractual terms, against Chase; (3) violation of section 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), against all Defendants; (4) violation of section 1962(d) of the RICO, against all Defendants; (5) breach of fiduciary duty, against Chase; (6) aiding and abetting a breach of fiduciary duty, against Assurant; and (7) unjust enrichment/disgorgement, against Assurant and the Chase insurance defendants. Plaintiffs also allege four state specific causes of action.

Likewise, in *Herrick*, the plaintiff, on behalf of a putative national class, challenges Chase's practice of purchasing force-placed hazard insurance from Assurant in connection with residential mortgages. Declaration of Jee Young You In Support of Motion to Stay and Motion to Shorten Time ("You Declaration"), Ex. C at 13. *Herrick* involves breach of contract claims against Chase on the same two theories, breach of fiduciary duty claims against Chase, and overlapping unjust enrichment claims. *Id*.

The parties in *Herrick* submitted a Joint Motion for Stay of All Hazard Lender-Placed Insurance Claims Pending Approval of Settlement Proceedings and Notice of Class-Wide Settlement. *Id*. at Ex. A. The parties recite as follows:

1. On July 12, 2013, Plaintiff Saccoccio[3] and Defendants reached an agreement in principle to resolve all claims concerning hazard LPI against all Defendants in these proceedings.

2. The Parties have initialed a Settlement Term Sheet and are now in the process of finalizing a settlement agreement that contemplates a settlement of all issues concerning hazard LPI, eligibility of putative settlement class members for an escrow refund and/or class settlement payment or credit, significant equitable relief to all putative settlement class members, and dismissal of all hazard LPI claims against Defendants with prejudice.

3. The Parties will engage in limited, specifically-targeted document discovery to finalize a written Settlement Agreement. After execution of the Settlement Agreement, Plaintiff will present it to the Court and seek preliminary approval of the

---

[3] Saccoccio was the only named plaintiff in *Herrick* that brought claims based on force-placed hazard insurance. You Declaration, Ex. A. The remaining plaintiffs brought wind insurance claims, which were resolved by a settlement reached in a separate action.

2

1  Parties' settlement, including the plan of notice to the settlement class, pursuant to
Rule 23 of the Federal Rules of Civil Procedure.

…

8. …

a. Settlement Agreement shall be executed by … August 23, 2013;

b. Joint Status Report shall be filed on … August 26, 2013;

c. Motion for Preliminary Approval of the Settlement Agreement shall be filed by … September 6, 2013.

d. If the Motion for Preliminary Approval is granted, the Court shall set a date and time for the Final Approval Hearing.

*Id*. at Ex. A.

Defendants argue that these proceedings should be stayed because the parties and issues in *Herrick* are effectively the same as those in this case such that a final settlement in *Herrick* will resolve the claims in this case, except insofar as individual plaintiffs may opt out of any *Herrick* settlement. Motion, 3, 6. Defendants raise the following rationales, aside from the overlapping issues, in support of their argument: (1) it is the practice of the federal courts to stay pending proceedings when a class action settlement is pending approval in another court; (2) a stay will allow the parties to focus their resources and efforts on consideration of the pending settlement in *Herrick*; (3) a stay will prevent the court and the parties from expending significant resources litigating pending motions; (4) a stay will prevent Defendants from being compelled to expend resources responding to extensive discovery requests; and (5) a stay will mitigate any control disputes and prevent this action from being used as leverage to obstruct good faith efforts to resolve the class claims. *Id*. at 2-8 (citing *Jaffe v. Morgan Stanley DW, Inc.*, 2007 WL 163196 (N.D. Cal. Jan 19, 2007) (granting two month stay to allow "advanced" settlement negotiations to play out in a parallel case); *Packer v. Power Balance, LLC*, 2011 WL 1099001 (D. N.J. Mar. 22, 2011) (granting stay where comprehensive national settlement reached in competing class action pending in federal court and action was subject to possible transfer); *Annunziato v. eMachines Inc.*, 2006 WL 5014567, at \*5 (C.D. Cal. July 24, 2006) (granting motion to stay class action where parallel state court case had settled because stay would save defendants from hundreds of hours spend on discovery and briefing); *Advanced Internal Techs., Inc. v. Google, Inc.*, 2006 WL 889477, at \*1-\*2 (N.D. Cal. Apr.

5, 2006) (granting stay in part because judicial resources would not be wasted by having to consider pending motion for class certification); *Branca v. Iovate Health Sciences USA, Inc.*, 2013 WL 1344306, at *1-*2 (S.D. Cal. Apr. 2, 2013) (stay is appropriate where the real fight is between two plaintiff's firms for control of the class)).

Plaintiffs argue that the interests of justice are not served by precluding them from continuing with their action, at least until a settlement agreement is executed and the terms of any such agreement have been approved. Plaintiffs' Memorandum of Points and Authorities in Opposition to Motion to Stay ("Opposition"), 1-2. Plaintiffs argue that Defendants have not met their burden of establishing the need for a stay. *Id*. at 6 (collecting cases). Plaintiffs raise the following specific bases for their opposition: (1) a stay is not warranted on the sparse record concerning the settlement discussions in this case; (2) preservation of Defendants resources and judicial economy are not sufficient to warrant a stay; and (3) there is no indication that any settlement agreement would prevent Plaintiffs from opting out and pursuing their individual claims in this case. *Id*. at 6-13 (citing *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 2012 WL 5519199 (N.D. Cal. Nov. 14, 2012) (refusing to enter a stay where the settlement was only tentative); *Keystone Coke Co. v. Pasquale*, 1999 WL 126917, at *4-*5 (E.D. Pa. Mar. 9, 1999) (denying stay where settlement and terms remain speculative and noting that litigation would be prolonged indefinitely if courts were to impose a stay whenever a defendant was negotiating a possible settlement); *Breswick & Co. v. Briggs*, 135 F.Supp. 397 (S.D.N.Y. 1955) (plaintiffs' ability to urge another court not to approve a settlement is no substitute for the right to be represented in its negotiation); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (judicial economy alone is not a sufficient ground for entering a stay); *Salinas v. City of San Jose*, 2012 WL 2906052, at *2 (N.D. Cal. July 13, 2012) (party seeking a stay must rely on something more than the intrinsic inconvenience arising from involvement in litigation)).

### III. ANALYSIS

#### A. Legal Standard

A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). *Lockyer v. Mirant*

*Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). The Ninth Circuit has set out the following framework for evaluating whether a *Landis* stay is proper:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). *See also Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it").

When weighing the relevant interests, the court must be mindful that "if there is even a fair possibility that the stay for which he prays will work damage to some one else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255, 57 S.Ct. 163, 81 L.Ed. 153. "Only in rare circumstances will a litigant in one cause be compelled to step aside while a litigant in another settles the rule of law that will define the rights of both." *Id*. Moreover, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112.

**B.     Application to Facts**

The Court concludes that a short, sixty-day, stay in the proceedings is appropriate in this case.

The Court finds *Jaffe* persuasive. In that case, the court stayed a pending putative class action in light of "advanced" settlement negotiations in a separate class action, filed in another

5

district. *Jaffe*, 2007 WL 163196, at *1. The parties there agreed that the proposed class definition and class claims in both cases were identical. *Id*. Although there were distinct subclass issues, the overlapping liability issues were such that a stay on only the class claims without a stay on the subclass claims would be meaningless. *Id*. The court emphasized that it was only granting a brief stay, approximately two months. *Id*. at *2. The court provided that the defendant would be permitted to seek an additional order briefly extending the stay, if a settlement had been reached, to allow class notice and opt-out procedures to run their course. *Id*. If no settlement had been reached, the court warned that the defendant would face a high burden in showing that an extension of the stay would be warranted. *Id*.

Here, like in *Jaffe*, the parties do not dispute that a settlement of the class claims in *Herrick* would resolve the class claims in this case. *See* Motion, 5 ("There can be no dispute here that the settlement in the *Herrick* action would resolve all claims pending before this Court"); Opposition, 11-13 (arguing only that a settlement in *Herrick* would not preclude Plaintiffs' individual claims if they are permitted to opt out of the agreement).

Also like in *Jaffe*, Plaintiffs have not presented any evidence that they may be prejudiced by any stay, much less the brief stay granted here. Plaintiffs make two arguments that they may suffer damage as a result of a stay.

First, Plaintiffs' appear to argue that they will suffer damage as the result of a stay based on the assertion that the settlement in *Herrick* is a "sweetheart settlement." Opposition, 5-6. That is, Plaintiffs believe that the plaintiff's counsel in *Herrick* is motivated by considerations "other than the best interests of the class." *Id*. at 5. Plaintiffs do not tie this damage to the grant or denial of a stay.

Plaintiffs cite *Breswick* for the proposition that a court should deny a request for a stay where a proposed settlement is reached after questionable maneuverings. Opposition, 9. But that case was a shareholder derivative action in which the plaintiffs in federal court sought to stay proceedings in state court on the grounds that the parties in state court had reached a collusive settlement. *Breswick*, 135 F.Supp. at 403. Acknowledging that enjoining the ongoing state court proceedings may violate the Anti-Injunction Act, the federal court refused to stay the state court proceedings but

6

instead enjoined the defendants from utilizing any defense based on any judgment entered by the state court. *Id*. at 405-06. Accordingly, *Breswick* is inapposite. An order granting a stay of these proceedings will not damage Plaintiffs with respect to any settlement in *Herrick*, as that is the result of separate proceedings. *See Advanced Internet Techs.*, 2006 WL 889477, at *2 (finding that concerns regarding a reverse auction was not a compelling reason to deny a motion to stay a pending class action). Rather, as Defendants contend, it will free Plaintiffs to focus their attention on contesting the validity of any settlement agreement that is entered in that case.

      Second, Plaintiffs indicate at several places in their Opposition that a delay will be prejudicial. Opposition, 7, 11, 13. But Plaintiffs make no assertion regarding how or why a delay would prejudice them. To the contrary, as noted above, Defendants argue that Plaintiffs will suffer no prejudice because it will allow them to focus their resources on attacking the fairness of the potential *Herrick* settlement in the Southern District of Florida. Motion, 8. On this record, there is no showing of any fair possibility of damage to Plaintiffs as a result of a brief stay.

      Plaintiffs attempt to distinguish *Jaffe*, noting that in *Jaffe*: (1) the parties in the parallel action had been in settlement negotiations for nearly a year and a half; (2) the parties action retained a mediator; and (3) the parties allowed the court permission to contact the mediator, from which the court was able to determine that the negotiations were at a very advanced stage, that there was no indication of collusion, and that there was no sign that the plaintiffs' counsel in the parallel case were incapable of representing the best interests of the class. Opposition, 9-10. To the extent the distinction relies on the advanced nature of the settlement negotiations, the settlement negotiations in this case appear to be more advanced than those in *Jaffe*. The parties in *Herrick* have agreed to a settlement in principle, initialed a Settlement Term Sheet, and set a date by which a Settlement Agreement is to be filed. You Declaration, Ex. A. To the extent that the distinction relies on Plaintiffs' concerns regarding the fairness of any settlement in *Herrick*, Plaintiffs have not identified any authority supporting the conclusion that such a distinction requires a different outcome. Any settlement in *Herrick* will be subject to approval processes. The fairness of any settlement in *Herrick* is not an issue properly before this Court.

In addition, a stay is in the interest of judicial economy because a settlement in *Herrick* will obviate any further litigation of issues in this case. There are presently five motions to dismiss pending in this action. A stay will allow both parties to conserve their resources should a settlement in *Herrick* be finalized. Plaintiffs correctly note that Defendants have not made a showing of prejudice aside from the burdens of defending this action. However, as there has been no showing that Plaintiffs face a fair possibility of damage from a brief stay the Court is mindful of the burden Defendants will face, potentially needlessly, by expending resources in this case. *See Lockyer*, 398 F.3d at 1112 (narrowly holding that the burdens of defending a suit, without more, do not constitute "a clear case of hardship or inequity" where the opposing party has demonstrated a fair possibility of harm).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion is granted in part. The proceedings in this action are stayed for 60 days from the date of this Order. All pending discovery response deadlines are extended 60 days. The parties shall appear on September 20, 2013, at 1:30 p.m., in Courtroom G, 450 Golden Gate Ave., 15th Floor, San Francisco, CA, for a Case Management Conference. The parties shall submit a Case Management Statement one week in advance that addresses: (1) the status of the anticipated settlement in *Herrick* and the impact it will have on this case; (2) whether or not the stay should be extended; and (3) if the stay is not extended, new dates for any subsequent hearing on motions to dismiss and for a hearing on class certification. The pending motions to dismiss are denied without prejudice to re-filing when the stay expires.

IT IS SO ORDERED.

Dated: July 23, 2013

_____
JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE